UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAJINDER S. BEDI,

    Petitioner,

    v.

JAMES HARTLEY, Warden,

    Respondent.

No. C-13-0472 EMC (pr)

**ORDER OF DISMISSAL**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction in the Contra Costa county Superior Court for committing lewd acts on children, *see* Cal. Penal Code § 288. His conviction was affirmed by the California Court of Appeal on July 19, 2012, and his petition for review was denied by the California Supreme Court on September 26, 2012 in *People v. Bedi*, Cal. S. Ct. No. S204827.

Petitioner's federal petition for writ of habeas corpus is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The exhaustion rule requires that a prisoner in state custody who wishes to challenge collaterally in federal habeas proceedings either the fact or length of his confinement must first

exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). Although the exhaustion requirement is not jurisdictional and instead is a matter of comity, *see Granberry v. Greer*, 481 U.S. 129, 133-34 (1987), a district court generally may not grant relief on an unexhausted claim, *see* 28 U.S.C. § 2254(b)(1).

Petitioner reports that he did not file any state habeas petitions, and that the claims he wants to present here were not presented on his direct appeal. *See* Petition, pp. 4, 6. He never fairly presented to the California Supreme Court any of the claims that are in his federal petition and therefore has not exhausted any of his claims. The Court cannot stay an action where the petition is fully unexhausted. *See Rose v. Lundy*, 455 U.S. at 510. Instead, a fully unexhausted petition must be dismissed. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001); *see also Creamer v. Ryan*, 411 F. App'x 985 (9th Cir. 2011).

This action is dismissed. This dismissal is without prejudice to Petitioner filing a new petition after he exhausts state court remedies as to each claim contained in his new petition. Because this action is being dismissed today, Petitioner cannot file an amended petition in this action. Instead, he must file a new petition and a new case number will be assigned it when he returns after exhausting his state court remedies. *Petitioner is urged to act swiftly* to present his claims in state court and then promptly return to this Court to file any new action to avoid being barred by the one-year statute of limitations for federal habeas actions in 28 U.S.C. § 2244(d).

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: March 27, 2013

EDWARD M. CHEN
United States District Judge

2